

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC,

    Petitioner,

v.                                        CIVIL ACTION NO. 4:24-cv-19

HUNTINGTON INGALLS
INCORPORATED, NEWPORT
NEWS SHIPBUILDING DIVISION,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions. First, Petitioner United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("the Union") filed a Motion to Confirm Arbitration Award and for Entry of Judgment Pursuant to 9 U.S.C. § 9 ("Motion to Confirm"). ECF No. 4 ("Mot. Confirm"). The Union simultaneously filed a Petition to Confirm Arbitration Award. ECF No. 1 ("Pet. Confirm"). Second, Respondent Huntington Ingalls Incorporated, Newport News Shipbuilding Division ("HII" or "the Company") filed a Motion to Dismiss Petitioner's Petition for Confirmation ("Motion to Dismiss") and asks the Court to deny the Union's Motion to Confirm. ECF No. 17. ("Mot. Dismiss Pet.").

Having reviewed the parties' filings, the Court finds that a hearing on these motions is not necessary, and this matter is now ripe for judicial determination. *See* E.D. Va. Loc. Civ. R. 7(J).

For the reasons stated herein, the Union's Motion to Confirm is **GRANTED in part and DENIED in part**, and HII's Motion to Dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 10, 2023, Arbitrator James M. Litton issued a final Opinion and Award ("Award") following arbitration between the parties. *See* Pet. Confirm Ex. A, ECF No. 1-1 ("Award"). Because the parties do not dispute the facts stated in the arbitrator's Award, the Court adopts the factual and procedural background in the Award. Relevant facts from the Award and other submissions are stated below.

### A. Negotiation of the 2022 Collective Bargaining Agreement

HII and the Union are parties to a collective bargaining agreement effective February 7, 2022, through February 7, 2027 ("2022 CBA"). Award at 5; *see* Pet. Confirm Ex. B, ECF No. 1-2 ("2022 CBA"). The 2022 CBA sets forth the wages, hours, terms, and conditions of employment of members of the bargaining unit. Award at 5. During negotiations over the 2022 CBA, the Union was concerned with time off from work in the form of annual leave and paid holidays, and the Company was concerned with labor efficiency. *Id.* at 6.

Under the preceding collective bargaining agreement, HII credited annual leave to bargaining unit employees according to a table appearing as follows:

| After Continuous Service Of | Annual Leave Pay Allowance |
|---|---|
| 1 year | 40 Hours |
| 3 years | 72 Hours |
| 5 years | 108 Hours |
| 10 years | 144 Hours |
| 20 years | 180 Hours |

2

*Id.* HII credited these annual leave amounts on the date of eligible employees' employment anniversaries. *Id.*

During negotiations over the 2022 CBA, the parties tentatively agreed to change Article 19 to "[a]dd eight (8) hours of annual leave to each qualifying employee's annual leave pay allowance" and to "[g]rant eight (8) hours of annual leave to employees who complete their probationary period." *Id.* at 11. Article 19, Section 3 of the 2022 CBA thus states that employees "[s]hall be eligible for annual leave and annual leave pay" in accordance with a table appearing as follows:

| After Continuous Service Of | Annual Leave Pay Allowance |
|---|---|
| 150 Days | 8 Hours |
| 1 year | 48 Hours |
| 3 years | 80 Hours |
| 5 years | 116 Hours |
| 10 years | 152 Hours |
| 20 years | 188 Hours |

2022 CBA at 44. The bargaining unit ratified the 2022 CBA on March 7, 2022. Award at 15.

**B.      Grievance and Arbitration**

On April 12, 2022, HII credited eight hours of annual leave to each qualified bargaining unit member. *Id.* On April 19, HII announced that bargaining unit members would receive eight hours of annual leave immediately, but that they would not receive the full amounts set forth in Article 19, Section 3 of the 2022 CBA on their anniversary dates. *Id.* Rather, HII credited eight hours less annual leave than stated in the chart in Article 19, Section 3 of the 2022 CBA. *Id.*

On April 21, the Union filed a grievance protesting HII's interpretation of Article 19, Section 3 of the 2022 CBA. *Id.* The parties were unable to resolve the grievance and proceeded

3

to arbitration. Pet. Confirm ¶ 13. On July 12, 2023, in Newport News, Virginia, the parties presented witnesses, evidence, and argument. Pet. Confirm Ex. D ¶ 4, ECF No. 1-4 ("Decl. Nathan Kilbert"). Each party had the opportunity to cross-examine witnesses. *Id.*

### C.   Arbitral Award

The arbitrator issued the Award on November 10, 2023. *See* Award at 28. He determined the issue as follows: "Did [HII] violate Article 19 of the collective bargaining agreement in this case? If so, what shall be the remedy?" *Id.* at 2. The arbitrator concluded that HII violated Article 19 of the 2022 CBA. *Id.* at 26. He found that the language of Article 19, Section 3 was "clear and unambiguous on its face" and "require[d] the payment of eight hours of annual leave <u>upon employees' anniversary dates</u>." *Id.* at 27. The arbitrator determined that HII's credit of eight hours to all employees on April 12, 2022—which HII argued it completed under an alleged oral agreement with the Union—did not satisfy the 2022 CBA's language. *Id.* at 26.

As a remedy, the arbitrator ordered HII to "immediately credit to bargaining unit members whose anniversary dates fall on or after February 7, 2022 the full amount of annual leave which the tables in Article 19, Sec. 3 require." *Id.* at 28. "The eight hours of annual leave which the [Company] generally allocated in April 2022 to bargaining unit members [was not] allowed as a set off to [the Award's] order." *Id.*

### D.   Post-Award Dispute

Following the Award, HII informed the Union that it would not credit eight hours to employees whose anniversary dates fell between February 7 and April 17. Decl. Nathan Kilbert ¶ 9. In January and February 2024, HII manually credited eight hours of annual leave to all bargaining unit members employed in 2022 with employment anniversary dates falling after April 12. Resp.'s Mem. Ex. 1 ¶ 9, ECF No. 18-1 ("Decl. Amy Guerin"). The Union claims that

by failing to credit eight hours to employees with anniversaries between February 7 and April 12, HII has failed to comply with the Award. Pet'r's Mem. at 5, ECF No. 5; Pet'r's Reply at 14–15, ECF No. 21. HII counters that that it has complied in full because the Award does not require it to credit those employees in addition to the eight hours they were credited on April 12, 2022. Resp.'s Mem. at 4, ECF No. 18.

The Union filed the Petition and Motion to Confirm the Award on February 14, 2024. ECF Nos. 1, 4. HII filed the Motion to Dismiss the Petition on March 29, 2024. ECF No. 17. The Union responded in opposition to the Motion to Dismiss on April 11, 2024. ECF No. 21. HII replied on April 16, 2024. ECF No. 22.

## II. LEGAL STANDARD

Arbitration agreements and awards are favored in federal courts. *Arrowhead Glob. Sols., Inc. v. Datapath, Inc.*, 166 F. App'x 39, 43 (4th Cir. Feb. 3, 2006) (unpublished per curiam). The powers of a federal court sitting to review an arbitration award are "severely circumscribed." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)).

Section 9 of the Federal Arbitration Act ("FAA") authorizes parties to an arbitration to apply for an order confirming an arbitral award within one year of the award's entry if the parties "in their agreement have agreed that a judgment of the court shall be entered upon the award." 9 U.S.C. § 9. Under those circumstances, the Court "must grant" confirmation "unless the award is vacated, modified, or corrected." *Id.* An award may only be vacated or modified for the grounds listed in FAA Sections 10 and 11. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* at 583. In

5

that sense, confirmation under Section 9 should be a summary proceeding. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).

FAA Section 9 does not grant statutory subject matter jurisdiction, meaning the Court must have some "independent jurisdictional basis" to review an application to confirm an arbitral award. *Badgerow v. Walters*, 596 U.S. 1, 4, 8–11 (2022); *see SmartSky Networks, LLC v. DAG Wireless, LTD*, 93 F.4th 175, 178 (4th Cir. 2024). To establish jurisdiction under 28 U.S.C. § 1331, the application must clearly state a cause of action contained within a federal statute. *See SmartSky*, 93 F.4th at 178, 184.

### III.   DISCUSSION

The Union moves for confirmation of the Award under FAA Section 9. The Union also urges the Court to order HII to comply with the Award by (1) crediting all eligible bargaining unit employees with anniversary dates on or after February 7 with eight additional hours of annual leave and (2) paying eligible former bargaining unit employees with those anniversary dates for eight hours of pay. *See* Mot. Confirm. & Ex. 1 (containing Proposed Order), ECF Nos. 4–4-1. But the Union asks that HII not be allowed to use the eight hours that it credited to employees in April 2022 as a "set-off" to those obligations. *See id.*

The Company opposes confirmation on two grounds. First, it asserts that the FAA does not apply because the Award arises out of a collective bargaining agreement. Resp.'s Mem. at 11–12. Instead, HII argues, the Labor Management Relations Act ("LMRA") applies and provides different enforcement mechanisms. Resp.'s Mem. at 12–13. Second, HII argues that it has fully complied with the Award, including with respect to employees with anniversaries between February 7 and April 12, meaning there is nothing for the Court to confirm or enforce. Resp.'s Mem. at 13–17.

The Union contends that the FAA applies to all arbitration agreements except for those contained in employment contracts for transportation workers, which the Union's employees are not. Pet'r's Reply at 3. The Union argues that summary confirmation is required because the Award has not been vacated or modified, and HII seeks neither. Pet'r's Mem. at 8–11; Pet'r's Reply at 3. The Union insists that HII's failure to credit an additional eight hours to employees with anniversaries between February 7 and April 12 violates the Award, and it urges the Court to clarify the Award to HII. Pet'r's Reply at 13–16.

### A.  Statutory Subject Matter Jurisdiction and Applicability of FAA Procedures

HII contends that the LMRA supersedes the FAA's provisions because this case concerns a collective bargaining agreement, meaning summary confirmation under FAA Section 9 is unavailable to the Union. Resp.'s Mem. at 11–13; Resp.'s Reply at 2–7, ECF No. 22. Instead of seeking confirmation and enforcement through contempt proceedings, HII argues the Union must initiate a lawsuit under LMRA Section 185. *See* 29 U.S.C. § 185; Resp.'s Mem. at 13; Resp.'s Reply at 2–3.

Section 1 of the FAA states that the Act does not "apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Court has interpreted this exclusion to apply only to employment contracts for "transportation workers," not all employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001); *see Am. Fed'n of State, Cnty. and Mun. Emps., Loc. 77 v. Duke Univ.*, No. 1:20CV180, 2021 WL 795830, at *4 (M.D.N.C. Mar. 2, 2021). Neither party argues that the 2022 CBA is a contract for the employment of transportation workers, and

7

the Court does not find that it is one.[1] Therefore, nothing in the FAA itself precludes its application to the parties' arbitration agreement in the 2022 CBA or awards arising out of that agreement.

The FAA and LMRA are not "mutually exclusive." *Int'l Bhd. of Elec. Workers, Loc. No. #111 v. Pub. Serv. Co. of Colo.*, 773 F.3d 1100, 1106–07 (10th Cir. 2014). Civil actions under LMRA 301 and summary proceedings under the FAA are both available to seek vacatur or confirmation of certain labor arbitration awards. *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 312 (3d Cir. 2021) (citing *Teamsters Loc. 117 v. United Parcel Serv.*, 966 F.3d 245, 248–50 (3d Cir. 2020)). Where a party chooses to proceed under the FAA, the LMRA Section 185 can provide an independent basis of jurisdiction to consider confirmation or vacatur. *See Teamsters*, 966 F.3d at 250; *Greenhouse Holdings, LLC v. Int'l Union of Painters and Allied Trades Dist. Council 91*, 43 F.4th 528, 631 (6th Cir. 2022).

It is true that where a party sues to enforce an award under the LMRA, the LMRA governs and the FAA's provisions merely guide a court's application of the LMRA. *See Int'l Bhd. of Elec. Workers, Loc. Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1097 (8th Cir. 2004) (explaining that actions brought under the LMRA are not governed by the FAA); *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484, 488 (1st Cir. 1983) (The FAA is "an occasional point of reference in suits arising under section 301 [of the LMRA] but [is] not . . . a dispositive statement of governing law" in those cases.); *see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n.9 (1987) ("[T]he federal courts have often looked to the [FAA] for guidance in labor

---

[1] Fourth Circuit precedent predating *Circuit City* held that "the FAA is not applicable to labor disputes arising from collective bargaining agreements." *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875, 879 (4th Cir. 1996); *Domino Sugar Corp. v. Sugar Workers Loc. Union 392*, 10 F.3d 1064, 1067 (4th Cir. 1993) (same). This precedent no longer applies after *Circuit City*, however, because the Supreme Court "explicitly confin[ed] the exception to apply to transportation workers." *Am. Gen. Life & Acc. Ins. Co. v. Wood.*, 429 F.3d 83, 91 n.4 (4th Cir. 2005). *But cf. Sheet Metal Workers' Int'l Ass'n, Loc. 399, AFL-CIO v. Maximum Air Flow Co.*, 877 F. Supp. 2d 392, 398 (D.S.C. 2012) (granting motion to enforce arbitral award brought under LMRA Section 185 and citing *Austin* to say that the FAA does not apply).

arbitration cases.'"). Additionally, some courts have noted that where a conflict between the LMRA and FAA arises, courts should defer to the LMRA. *See Int'l Bhd. of Elec. Workers*, 773 F.3d at 1107; *Smart v. Int'l Bhd. of Elec. Workers, Loc. 702*, 315 F.3d 721, 724–25 (7th Cir. 2002). "Where there is no conflict, however, and the FAA provides a procedure or remedy not found in section 185 but does not step on section 185's toes, then, [courts] apply the Federal Arbitration Act." *Int'l Bhd. of Elec. Workers*, 773 F.3d at 1107 (quoting *Smart*, 315 F.3d at 724–25) (cleaned up)).

Summary confirmation under FAA Section 9 does not require interpreting the Award or determining whether a party has complied with it. *See Taylor*, 788 F.2d at 225; *PG Publ'g*, 19 F.4th at 314. The Fourth Circuit and other courts have applied the FAA to confirmation and vacatur of arbitral awards arising out of collective bargaining agreements. *See Constellium Rolled Prods. Ravenswood, LLC v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO/CLC, Loc. 5668*, 18 F.4th 736, 741 (4th Cir. 2021) (affirming denial of vacatur under FAA Section 10 on the merits); *Greenhouse*, 43 F.4th at 631 n. 2 (applying FAA and explaining that confirmation and vacatur "are flip sides of the same coin" (citing *PG Publ'g*, 19 F.4th at 312–13)). HII cites several cases to argue that the LMRA always conflicts with FAA procedures, but many of those cases concern actions to enforce an agreement or award under LMRA Section 185, rather than to simply confirm an award under the FAA. *See, e.g., United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l v. Wise Alloys, LLC*, 642 F.3d 1344, 1352 (11th Cir. 2011) (analyzing a suit to enforce an award under LMRA Section 185 and stating "the LMRA governs suits to enforce or vacate an arbitration award arising out of a collective bargaining agreement"); *Dylan 140 LLC v. Figueroa as Tr. of Bldg. Serv. 32BJ Health Fund*, 982 F.3d 851, 858 (2d Cir. 2020) (analyzing arbitrability of a dispute arising out of

9

a collective bargaining agreement and stating "the FAA does not directly apply" to cases brought under LMRA Section 185). Those cases are unpersuasive here, and the Court finds no conflict between FAA confirmation and the LMRA or the "body of federal common law for enforcing collective-bargaining agreements" that arises from it. *Int'l Bhd. of Elec. Workers*, 773 F.3d at 1106; *see Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 450–51 (1957).

In this case, the Union moves for confirmation under FAA Section 9 and states a cause of action under LMRA Section 185 in its Petition, meaning the Court has an independent basis of jurisdiction to consider the Motion to Confirm. *See* Mot. Confirm; Pet. Confirm ¶ 3; *Teamsters*, 966 F.3d at 250; *Greenhouse*, 43 F.4th at 631. The Court need not decide the parties' substantive dispute, but only whether the statutory conditions of Section 9 confirmation are satisfied. *See Taylor*, 788 F.2d at 225. The Court thus finds no conflict with the LMRA in proceeding through summary confirmation under the FAA. The FAA applies here, and confirmation under Section 9 is available.

**B.    Article III Subject Matter Jurisdiction**

HII argues that there is no Article III subject matter jurisdiction for two reasons: it fully complied with the Award, and it did not move to modify or vacate it. *See* Resp.'s Mem. at 14–15. Therefore, HII argues, there is no live controversy giving rise to Article III subject matter jurisdiction. The Union counters that the parties clearly disagree whether HII complied with the award in January and February 2024, meaning there is a live controversy. Pet'r's Reply at 9–10.

HII urges the Court to follow the First Circuit's approach in *Derwin v. General Dynamics Corp.*, 719 F.2d 484 (1st Cir. 1983), where the court refused to confirm an arbitration award in the absence of a clear dispute. *See* Resp.'s Mem. at 15. In *Derwin*, a union moved for confirmation of an award under FAA Section 9 without alleging that the company violated the award and without

10

asking for specific relief. *Derwin*, 719 F.2d at 490. The union simply requested an order stating that the award was confirmed. *Id.* The First Circuit affirmed dismissal of the motion to confirm because it found no "new dispute" distinguishable from the issue the arbitrator had already decided. *Id.* at 491. The court refused to "put its imprimatur upon an arbitral award in a vacuum." *Id.*; *cf. also Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 68 (2d Cir. 2023) (finding no controversy in FAA confirmation case because it was "undisputed that [respondent] has satisfied the award in full" and [petitioner] had "obtained all the relief she could receive on [her] claim").

This case is different from *Derwin* because the parties here clearly dispute whether HII complied with the Award, and the Union asks for specific relief from HII's alleged noncompliance. *See* Mot. Confirm. & Ex. 1; *Derwin*, 719 F.2d at 490. That dispute involves facts arising after the Award was issued, including HII's effort in January and February 2024 to credit eight hours of annual leave to eligible employees with anniversary dates falling after April 12. *See* Decl. Amy Guerin ¶ 9; Decl. Nathan Kilbert ¶ 9. Much like this case, the Fourth Circuit has found that a live controversy exists over motions to confirm under the LMRA where the parties dispute compliance with the award. *See Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 728–29 (4th Cir. 2017) (finding live controversy existed over confirmation under the LMRA where parties disputed whether petitioner complied with award);[2] *see also Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 599 (7th Cir. 2017) (finding jurisdiction in LMRA confirmation case because there was "plainly a live dispute about whether [respondent] [was] in fact acting in compliance with the awards" even though the parties "agree[d] that the merits of those disputes must be resolved through the contractual grievance and arbitration process"). Moreover, persuasive authority rejects

---

[2] The Company notes that a circuit split exists as to "whether a federal court may confirm a labor arbitration award where there is no live controversy between the parties regarding the award," which the Fourth Circuit expressly declined to address in *Brown & Pipkins*, 846 F.3d at 729 n.2. But just as in *Brown & Pipkins*, this Court need not address the split because there is a dispute between the parties.

11

the notion that a defendant can defeat Article III jurisdiction over FAA confirmation simply by claiming it has complied with an arbitral award or by declining to challenge it. *See Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 255 (3d Cir. 2020) (rejecting the First Circuit's approach in *Derwin*); *see also Nat'l Football League Players Ass'n v. Nat'l Football League Mgt. Council*, No. 08 Civ. 3658(PAC), 2009 WL 855946, at *3 (S.D.N.Y. Mar. 26, 2009) ("Arbitration awards . . . may be confirmed without a new dispute arising subsequent to the award.").

Because the parties clearly disagree whether HII complied with the Award, the Union has a "live stake in the proceeding," *Teamsters*, 966 F.3d at 253, and a "concrete interest in enforcement of the award." *Stafford*, 78 F.4th at 69. Therefore, a live controversy exists, and the Court has Article III subject matter jurisdiction to consider the Motion to Confirm.

C.     **Request for Confirmation and Other Relief**

HII argues that even though confirmation and enforcement are technically separate proceedings, confirmation is similar to enforcement and is inappropriate here because it already complied with the Award. Resp.'s Mem. at 15, n.13; Resp.'s Reply at 7–8. The Union contends that the Court must confirm the Award because the conditions for Section 9 confirmation are met and enforcement is a separate issue. Pet'r's Reply at 10.

Confirmation under FAA Section 9 is a summary proceeding and is "'not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm.'" *PG Publ'g*, 19 F.4th at 314 (quoting *Teamsters*, 966 F.3d at 252); *see Taylor*, 788 F.2d at 225.

Here, all the statutory requirements for confirmation are met. The Union moved for confirmation within one year of the Award's entry, and the parties agreed in the 2022 CBA that the "arbitrator's award and decision . . . shall be final and binding upon the parties and employee(s)

concerned," 2022 CBA at 29, meaning they "have agreed that a judgment of the court shall be entered upon the award." 9 U.S.C. § 9; *see Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008); *First Kuwaiti Gen. Trading & Contracting W.L.L. v. Kellogg Brown & Root Int'l, Inc.*, No. 1:23-mc-1, 2023 WL 3437813, at *7 (E.D. Va. May 12, 2023). There is also no motion to modify, vacate, or correct the Award. Therefore, the Court "must grant" confirmation. 9 U.S.C. § 9; *Hall St. Assocs*, 552 U.S. at 581, 587.

To the extent the Motion to Confirm requests other relief, that request is denied. The Court need not inquire into the merits of HII's compliance to confirm the Award, and enforcement of the Award is a separate issue. *Teamsters*, 966 F.3d at 252–53. Judicial economy also weighs in favor of summary confirmation without exploring the merits and ordering specific relief at this stage. *See Goins v. TitleMax of Va., Inc.*, No. 1:19CV489, 2021 WL 3856162, at *1 (M.D.N.C. Aug. 27, 2021) (entering summary confirmation on efficiency grounds).

### IV.   CONCLUSION

For the foregoing reasons, the Union's Motion to Confirm is **GRANTED in part and DENIED in part**. ECF No. 4. The Union's Motion is **GRANTED** on the issue of confirmation under FAA Section 9, but it is **DENIED** insofar as it requests other relief. HII's Motion to Dismiss is **DENIED**. ECF No. 17. The Award is **CONFIRMED.**

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
August 12, 2024

Raymond A. Jackson
United States District Judge